UNTIED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION



RECEIVED
SEP 2 7 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

IN RE:  
MAR-CON, INC.  
    Debtor

CIVIL ACTION NO. 04-1643

JUDGE DOHERTY

MAGISTRATE JUDGE HILL

## MEMORANDUM RULING

Mar-Con, Inc., the debtor in this bankruptcy action, has filed a Notice of Appeal identifying two issues it desires to present to this Court for review and consideration:

1. Did the bankruptcy court err in recalling and vacating its order allowing the debtor to elect to be treated as a small business?

2. Did the bankruptcy court err in failing to confirm the debtor's plan as required by 11 U.S.C. § 1129(a) because the only class that voted accepted the plan?[1]

By way of remedy, Mar-Con seeks an order of this Court confirming its proposed reorganization plan.[2] The Official Committee of Unsecured Creditors opposes Mar-Con's request. For the following reason, the decisions of the bankruptcy court will be affirmed.

There are no factual disputes presented in this appeal. In order to rule in this matter, it is necessary only that this Court briefly review the relevant procedural chronology:

---

[1] Designation of Record and Statement of Issues [Doc. 2], at 2.

[2] "Appellant respectfully requests that this court reverse the decision of the Bankruptcy Court and issue and [*sic*] order confirming the plan." Initial Brief on Behalf of Appellant Mar-Con, Inc., at unnumbered page 7. "The decision of the Bankruptcy Court should be reversed and this Court should order that the original chapter 11 [*sic*], as amended the first time with immaterial modifications which modification is dated February 14, 2004, confirmed." Appellant, Mar-Con, Inc.'s Reply Brief, at unnumbered page 3.

- On September 29, 2003, Mar-Con, Inc. filed a Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. An Official Committee of Unsecured Creditors [hereinafter sometimes referred to as the "OCUC"], was established approximately two months later, on December 8, 2003. The creation of an OCUC occurred *after* the deadline had passed for Mar-Con to elect to proceed as a small business.

- On January 28, 2004, Mar-Con filed a combined Chapter 11 reorganization plan and disclosure statement. As this Court understands bankruptcy procedure, the filing of these two documents in combination only occurs when a matter is being handled as a small business, which is the only context in which both disclosure and the solicitation of approval of a reorganization plan occur simultaneously. At the time the combination disclosure statement and reorganization plan were filed, however, no small business election had been made.

- Shortly thereafter, the company filed a motion for leave to extend the deadline within which it would be permitted to make a "small business" election. The motion was granted and the small business election was made by Mar-Con on February 10, 2004, over four (4) months after the initial filing of its petition and two (2) months after the deadline established by Bankruptcy Rule 1020.

- On February 12, 2004, the Bankruptcy Court conditionally approved the combination disclosure statement and reorganization plan which had been filed by Mar-Con and, based upon that conditional approval, established March 9, 2004 as the deadline by which any objection to the disclosure statement or the reorganization plan was to be filed. Mar-Con then filed an amended disclosure statement and reorganization plan, which the Court permitted to be filed on February 17, 2004. The deadline for objecting nonetheless remained March 9, 2004.

- On and before March 9, 2004, several objections to the proposed disclosure statement were filed by various creditors.[3] However, over 70% of the creditors voted to approve the proposed reorganization plan and, simultaneously, refrained from objecting to the proposed disclosure statement.

- Two weeks later, one of the unsecured creditors moved for continuance of the hearing on the disclosure statement and plan confirmation, and the OCUC moved for the appointment of counsel to represent their interests in the matter. Both requests were granted by the bankruptcy court.

- The OCUC filed objections to the disclosure statement, and to the proposed reorganization plan, on April 22, 2004. After a hearing concerning the disclosure

---

[3] None of these objections has been included in the Record which was submitted by the appellant with this appeal, nor described in any way in the briefing.

-2-

statement on April 27, 2004, the bankruptcy court found that the disclosure statement was inadequate and, on that basis, revoked its earlier conditional approval of the disclosure statement and ordered the debtor to issue an amended disclosure statement. The Court then scheduled a hearing on the amended disclosure statement.

- After an amended disclosure statement was filed, objections to that amended statement were made, and a motion for reconsideration of the earlier decision to revoke small business status was filed by Mar-Con, oral argument was heard by the Bankruptcy Court on July 13, 2004, after which the court affirmed its revocation of Mar-Con's small business status.

## A. The Small Business Designation

First, the debtor seeks review of Bankruptcy Court's decision to revoke Mar-Con's small business status. The record identified by the appellant and submitted to this Court for purposes of this appeal does not contain the actual order sought to be reversed. While the record does contain references to such an order, as well as the Court's descriptions of its reasons for entering the order, there does not appear to be a specific order to that effect either in written form or in the transcripts included in the record. The pertinent portions of the record are set forth below.

*From the Transcript of the April 27, 2004 Hearing:*

> THE COURT: You know, before we get to the plan, we've got to get to the disclosure statement, even though this is a small business election and, of course, the manner in which that election was made was also subject to some confusion. Possibly some confusion can be laid at the way the Court approved the Order – I think on an ex parte basis – without notice.
>
> And, that was not done until mid February, even though the case was filed some five months before.[4]
>
> * * *
>
> Now, I don't think the Code adequately provides for what happens in a small business case, where the disclosure statement is not approved. The Code envisions a fast track confirmation process for small business elections, and in a perfect world the disclosure statement is preliminarily approved, it comes up for final approval and

---

[4] Doc. 138, at 26-27.

it [*sic*] approved finally and you go right into confirmation.

The circumstances of this case, I think that I may well re-visit the issue of the small business election, so that this can proceed in a normal course of disclosure statement approval and then confirmation hearing. I think that the circumstances of the case justify that.[5]

*From the "Combination Response to Objections to Debtor's First Disclosure Statement Dated May 28, 2004, Motion to Strike, For Reconsideration, and for Allowance of Previously Cast Votes to be Allowed" filed on behalf of Mar-Con on or after July 8, 2004:*

The debtor moves and requests that the court reconsider its order denying the debtor's election to be treated as a small business.[6]

The debtor suggests to the court that the late filing of the objection by OCUC constitutes grounds for a reconsideration of the order dated April 27, 2004 revoking the previous order of the court allowing the debtor to be treated as a small business.[7]

*From the Transcript of the July 13, 2004 Hearing:*

THE COURT: [A]s I said in my oral reasons for revoking the – orally authorizing the small business election, which I think came late, if I'm not mistaken, in this case. . . And, at that time I granted it and subsequently I revoked my order saying under the circumstances I did not think it was appropriate. And, that's what you're seeking, I think, to reconsider.[8]

\* \* \*

The manner in which the case progressed from date of filing to today's date, I believe, had some inconsistencies, in that it sought the designation of the small business Chapter 11 at a time when – later than what would customarily be done. A small business Chapter 11 does not envision a committee. I think the committee was appointed at or about the same point in time that the small business election was made and which the Court allowed, based upon the rules allowing it.

I felt, after the committee was appointed, that the prior order of the Court

---

[5] Doc. 138, at 28.

[6] Doc. 136, at ¶ 20.

[7] Id. at ¶ 22.

[8] Transcript, at 10-11.

authorizing the small business election was improvident and I revoked it.

> I do not believe that I should go back, now, and discard the work of the committee and allow the debtor to go forward as if this were a small business election.[9]

Thus, while the order revoking Mar-Con's small business status has not been produced for purposes of the appeal, the bankruptcy court identified its reasons for doing so sufficiently well to permit the review the debtor has requested.

The record shows that this matter proceeded, for longer than four months after it was initiated, as a normal Chapter 11 filing. Normal procedures followed in this case included the appointment of the Official Committee of Unsecured Creditors in December, 2003. Then, apparently without warning to the OCUC or to individual creditors, the debtor suddenly changed the procedural path it sought to follow. By obtaining *ex parte* approval for a change in the designation of this matter from a regular Chapter 11 reorganization to a Chapter 11 reorganization for a small business, Mar-Con sought to take advantage of the truncated notice and approval process permitted for small businesses.

In doing so, Mar-Con clearly succeeded in catching the OCUC unaware and inattentive, causing the Committee to miss a deadline for filing objections, as well as introducing a good deal of disorder in the handling of this matter. In the midst of this chaos (and after having concluded that the bedrock of the small business designation – a fully forthright disclosure statement – had not been disseminated by the debtor) the bankruptcy court decided to return this matter to the normal procedural path established for Chapter 11 bankruptcies generally, which is the one along which it had proceeded during the first four (4) months after it was filed.

---

[9] Id at 13.

Mar-Con seeks to have this Court reverse the Bankruptcy Court's decision. However, Mar-Con has not identified any basis for granting such a remedy. There is no suggestion that Mar-Con was legally entitled to the designation as a small business – particularly in light of the fact that it did not include the designation in its original filing, nor request the designation for over four (4) months after the original filing. Moreover, in the absence of any legal entitlement to such a designation, and once the bankruptcy court determined that circumstances did not warrant keeping the small business designation in place, the decision whether or not to revoke the designation was within the court's discretion, and Mar-Con has not identified any way in which the court's decision constitutes an abuse of discretion.

Neither Mar-Con nor the OCUC has identified, in the briefing, the proper standard this Court should use in reviewing the bankruptcy court's exercise of discretion; however, in this context, it matters not whether this Court is required to review for an abuse of discretion or *de novo*. This Court finds that, under the facts presented herein, the bankruptcy court's decision was well within the bounds of its discretion under either standard; and, moreover, this Court would have reached the same decision if presented with the same circumstances. The bankruptcy court's decision to revoke its order permitting the small business designation will be affirmed.

**B.     The Reorganization Plan**

Mar-Con's second appeal issue is difficult to rule upon because it seeks review of a decision *which has not been made.* The bankruptcy court has very clearly organized its proceedings according to the principle that the reorganization approval process involves two steps, the first of which requires the debtor to disseminate a proper disclosure statement and the second of which (only after the first step has been accomplished) involves the court's consideration of a reorganization plan.

The record reveals, just as clearly, that Mar-Con has yet to create an acceptable disclosure statement and that no confirmation of any reorganization plan will proceed until and unless an acceptable disclosure statement has been created. Thus, the bankruptcy court has not made a decision concerning Mar-Con's proposed reorganization plan. At this point, the plan remains a proposal pending consideration. Thus, the suggestion made repeatedly by Mar-Con in its briefing that the bankruptcy court has refused to approve the proposed plan is only true in the broadest sense because the bankruptcy court has yet to even consider the plan, much less to approve or reject it.

Given this procedural posture, Mar-Con could be entitled to the remedy it seeks only were it to demonstrate that (a) it is entitled to approval of the reorganization plan in its current state *and* (b) it is entitled to such approval at this particular point in time rather than after full consideration by the bankruptcy court. On neither of these questions has Mar-Con sustained its burden of proof.

Court approval of a reorganization plan can be issued only under certain statutorily-defined circumstances. Those circumstances include, but are not limited to, a determination that both the plan, and its proponent, are in compliance with the applicable provisions of Title 11.[10] Mar-Con has not included, in its briefing, any information concerning the merits of the plan, any argument concerning whether the plan is in compliance with Title 11, nor any argument concerning whether Mar-Con itself is in compliance with Title 11. In the absence of such information or argument, this Court cannot possibly conclude that approval of the proposed reorganization plan should issue.

Mar-Con's only mention of 11 U.S.C. § 1129(a) is in the context of its argument concerning the timing of the bankruptcy court's approval of the reorganization plan, *i.e.*, that the bankruptcy court was obligated (after more than 2/3 of the creditors approved the first reorganization plan) to

---

[10] 11 U.S.C. § 1129(a)(1-2).

approve the plan without regard for its merits. A full reading of § 1129(a) demonstrates, however, that it does not constitute a mandate to issue confirmation of a plan at a given moment in time, but simply establishes prerequisites which must exist before confirmation may be issued. Even if that provision (or any other in the bankruptcy code) operated as a mandate to approve immediately any reorganization plan which received overwhelming approval by the creditors, however, the fact remains that the votes in favor of the plan were cast by creditors who reviewed a disclosure statement which the bankruptcy court found was not adequate to properly inform those creditors about the reorganization plan and its ramifications. Mar-Con has neither acknowledged this fact nor produced any argument whatsoever to address the questions which flow from this fact. Was the creditors' decision to approval the proposed reorganization plan affected by the inadequate notice? Will a fully-informed class of unsecured creditors approve the same plan? It is not possible for this Court to answer these questions, however, because Mar-Con has not addressed them in any way; indeed, Mar-Con could not do so, even if it desired to, because it has yet to produce a disclosure statement which complies with the provisions of Title 11.

As there is no evidence or argument demonstrating that Mar-Con and its plan are in compliance with the relevant statutes, and no evidence or argument demonstrating that Mar-Con is entitled to approval of its reorganization plan at this particular point in time, and particularly in light of the fact that the bankruptcy court has not yet considered the plan on its merits, this Court cannot conclude either that Mar-Con is entitled to approval of its proposed reorganization plan, nor that it is entitled to receive such immediate approval before the bankruptcy court has had an opportunity to consider the plan. The request for an order approving Mar-Con's proposed reorganization plan will be denied.

## C. The OCUC

A large majority of the unsecured creditors, when voting on the proposed plan and the disclosure statement, voted in favor of the former and had no objections to the latter. By contrast, the majority of the OCUC members opposed the disclosure statement and have filed objections to the plan. This significant difference between the response of the OCUC and that of the unsecured creditors suggests to Mar-Con the existence of a conflict of interest between the OCUC and the non-committee unsecured creditors.[11]

## CONCLUSION

For the foregoing reasons, this Court finds that: (a) the bankruptcy court did not err in recalling and vacating its order allowing the debtor to elect to be treated as a small business; and (b) the bankruptcy court did not err in failing to confirm the debtor's plan on either April 27, 2004 or July 13, 2004. The bankruptcy court's decisions will be affirmed and this matter will be remanded

---

[11] Mar-Con has addressed a great deal of argument to the existence of this alleged conflict of interest. However, Mar-Con does not explain the purpose for which it makes this argument, nor has it requested a specific remedy directed at the alleged conflict of interest (such as an order requiring the trustee to reconstitute the OCUC with other creditors, etc.). Moreover, there is nothing in the record to suggest that Mar-Con broached this issue with the bankruptcy court. In the absence of any specific request related to the OCUC (either to the bankruptcy court or to this court), and in the absence of any guidance from Mar-Con as to why it is complaining of an alleged conflict of interest among its creditors, this Court is at a loss to understand why the argument is being made. If the conflict-of-interest argument being used to encourage the immediate approval of the reorganization plan by implying that the objections to it aren't meritorious anyway, the argument fails for the same reason that the more direct argument does: without information concerning the role that the inadequate disclosure statement had upon the voting decisions of the unsecured creditors, this Court will not, and cannot, determine whether the initial approval votes of the unsecured creditors have any value whatsoever. Until and unless a second, fully informed vote, is held, this Court will not conclude that the non-committee unsecured creditors have spoken on the reorganization plan.

to the bankruptcy court for further proceedings.

Lafayette, Louisiana, this 26 day of September, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE